Kuldip SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75093.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 27, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David P. Cora, Counterterrorism Section, U.S. D.O.J., Criminal Division, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Kuldip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen, *Iturribar-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*ria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Singh's motion as untimely because it was filed over two years after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motions to reopen must be filed within 90 days of the entry of a final administrative order of removal). The evidence Singh submitted did not establish materially changed circumstances in India to qualify for an exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to "have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution").

■ We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings, and we are not persuaded by Singh's attempt to circumvent this jurisdictional bar. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion") (italics and internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**